Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RAYMOND BAUTISTA CRUZ

ORIGINAL FILED
07 AUG -2 AM 11: 54
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RAYMOND BAUTISTA CRUZ,

Plaintiff,

v.

DEBT RECOVERY SOLUTIONS, LLC, a New York limited liability company, DONALD L. SCHWARTZ, individually and in his official capacity, and ELLIOT G. SCHWARTZ, individually and in his official capacity,

Defendants.

Case No. C07 03972 JW

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
Invasion of Privacy

Plaintiff, RAYMOND BAUTISTA CRUZ (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

-1-
COMPLAINT

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6. Plaintiff, RAYMOND BAUTISTA CRUZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, DEBT RECOVERY SOLUTIONS, LLC (hereinafter "DRS"), is a New York limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 900 Merchants Concourse, Suite 106, Westbury, New York 11590-5114. DRS may be served at its business address at: Debt Recovery Solutions, LLC, Attention Managing Member, 900 Merchants Concourse, Suite 106, Westbury, New York 11590-5114. The principal purpose of DRS is the collection of debts using the mails and telephone, and DRS regularly attempts to collect debts alleged to be due another. DRS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, DONALD L. SCHWARTZ (hereinafter "DONALD SCHWARTZ"), is a natural person and is or was an employee, agent, officer and/or director of DRS at all relevant times. DONALD SCHWARTZ may be served at his current business address at: Donald L. Schwartz, Debt Recovery Solutions, LLC, 900 Merchants Concourse, Suite 106, Westbury, New York 11590-5114 and at his residence address at: Donald L. Schwartz, 50 Bonaire Drive, Dix Hills, New York 11746-6502. Plaintiff is informed and believes and thereon alleges that DONALD SCHWARTZ is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes and thereon alleges that DONALD SCHWARTZ is liable for the acts of DRS because he sets and approves DRS collection policies, practices, procedures and he directed the unlawful activities described herein.

9. Defendant, ELLIOT G. SCHWARTZ (hereinafter "ELLIOT SCHWARTZ"), is a natural person and is or was an employee, agent, officer and/or director of DRS at all relevant times. ELLIOT SCHWARTZ may be served at his current business address at: Elliot G. Schwartz, Debt Recovery Solutions, LLC, 900 Merchants Concourse, Suite 106, Westbury, New York 11590-5114 and at his residence address at: Elliot G. Schwartz, 7 Leroy Court, Commack, New York 11725-1703. Plaintiff is informed and believes and thereon alleges that ELLIOT SCHWARTZ is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes and thereon alleges that ELLIOT SCHWARTZ is liable for the acts of DRS because he sets and approves DRS collection policies, practices, procedures and he directed the unlawful activities described herein.

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely a

wireless telephone account with Sprint PCS bearing the account number XXXXXXXXX7077 (hereinafter "the alleged debt"). The financial obligation alleged to be owed to Sprint PCS by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

12. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

13. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The collection letter (Exhibit "1") is dated May 8, 2006.

16. On or about May 24, 2006, Plaintiff mailed a letter to Defendants which stated: "please be advised that I dispute this debt and refuse to pay."

17. A true and accurate copy of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

18. Defendants received Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") on or about May 27, 2006.

19. A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

20. After receiving Plaintiff's letter notifying Defendants of his refusal to pay the alleged debt (Exhibit "2"), Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt.

21. Thereafter, Defendants sent a collection letter dated November 22, 2006, (Exhibit "4") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

1    22. A true and accurate copy of the collection letter dated November 22, 2006, from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

23. Thereafter, Defendants sent a collection letter dated December 26, 2006, (Exhibit "5") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. A true and accurate copy of the collection letter dated December 26, 2006, from Defendants to Plaintiff is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

25. On or about December 26, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

26. On or about December 27, 2006, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

27. On or about January 2, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

28. On or about January 3, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-

> 807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

29. On or about January 4, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

30. On or about January 8, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

31. On or about January 11, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Hello, this is Ms. Hayward calling for Raymond Cruz. I can be reached at toll-free 1-800-851-9631, Monday through Friday from 9 a.m. to 10 p.m. Eastern Standard Time. That's toll free 1-800-851-9631. I'm calling in reference to a recent letter our office had sent. Thank you.

32. Thereafter, Defendants sent a collection letter dated January 15, 2007, (Exhibit "6") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33. A true and accurate copy of the collection letter dated January 15, 2007, from Defendants to Plaintiff is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

34. On or about January 17, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Good afternoon. This message is for Raymond Cruz. Please contact my office. My number is 1-800-851-9631. That's 1-800-851-9631. This call is a follow up to a letter my office sent out. You can contact this office up until 10 p.m. Eastern Time. Monday through Thursday. Friday 3:30. Saturday 1:30. Thank you.

35. On or about January 20, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

36. On or about January 22, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

37. On or about January 29, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

38. On or about February 3, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

39. On or about March 28, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> Hi this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

40. On or about April 2, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-

1 | 4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

41. On or about April 9, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

42. On or about April 11, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Good afternoon. My name is Miss Calise. This message is for Raymond Cruz. Could you please contact the office at your earliest convenience? Our toll-free number is 1-800-851-9631. Toll-free number 1-800-851-9631. Regarding a letter that was mailed. Phone call back would be greatly appreciated. We [inaudible] until 10 p.m. eastern time. Thank you and have a great day.

43. On or about April 17, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Good afternoon. My name is Miss Morant. This message is for Raymond Cruz. Please contact my office. My number is 1-800-851-9631. That's 1-800-851-9631. This call is a follow-up to a letter my office sent out. You can contact my office up until 10 p.m. eastern time, Monday through Thursday. Friday 3:30 and Saturday 1:30. Thank you.

44. On or about April 19, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> The message be for Raymond. Return my phone call, 1-800-851-9631. My name is Mrs. [inaudible]. I be available until 10 p.m. eastern standard time.

45. On or about April 23, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

46. On or about April 25, 2007, an employee of Defendants recorded the

-8-
COMPLAINT

1 following message on Plaintiff's answering machine:

> This message is for Raymond Cruz. My name is Mr. Bergen. My name is Mr. Bergen, again. This call is [inaudible, laughing]. Please give me a call at 1-800-851-9631. Again, that is toll-free 1-800-851-9631. I will be in my office till 10 p.m. eastern. This call is a follow-up to a letter that was sent out to you. Thank you.

47. On or about April 30, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 7-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon. Hi, this is Nancy Miller from DRS. I tried to reach you for a while, but I keep on missing you. Do me a favor. Give me a call at 1-800-807-4106. It's important that we speak. Again, call Nancy Miller at 1-800-807-4106. I'll speak to you soon.

48. On or about May 1, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Message is for Raymond Cruz. My name is Mrs. Garrett. Telephone number is 1-800-851-9631. Again, the toll-free, 1-800-851-9631. This is concerning a recent conversation with our office [inaudible].

49. Defendants' answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

50. Defendants failed to disclose Defendants' identity and the nature of Defendants' business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

51. Defendants failed to disclose that each of its answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

52. Defendants caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff.

53. Defendants caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances.

54. As a consequence of Defendants' collection activities and communications,

Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

56. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 53 above.

57. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

58. Defendant, DRS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59. Defendant, DONALD SCHWARTZ, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

60. Defendant, ELLIOT SCHWARTZ, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

61. The financial obligation allegedly owed to Sprint PCS by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

62. Defendants' answering machine messages described above violate the FDCPA.  The violations include, but are not limited to, the following:

    a. Defendants caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

    b. Defendants caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5);

    c. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6); and

        d.    Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

63.    Defendants have further violated the FDCPA in the following respects:

        a.    Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c).

64.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

65.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

66.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

67.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 64 above.

68.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

69.    Defendant, DRS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

70.    Defendant, DONALD SCHWARTZ, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

71.    Defendant, ELLIOT SCHWARTZ, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

72.    The financial obligation allegedly owed to Sprint PCS by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

73.    Defendants' answering machine messages described above violate the

RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(d);

    b. Defendants caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e);

    c. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

    d. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

74. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

75. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of his actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

76. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

77. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

78.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

79.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

80.   Plaintiff brings the third claim for relief against Defendants for common law Invasion of Privacy by Intrusion Upon Seclusion.

81.   Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 79 above.

82.   Plaintiff had a reasonable expectation of privacy in his solitude, seclusion and private concerns or affairs while in his home.

83.   Defendants intentionally intruded into Plaintiff's home by using an automated device which repeatedly caused Plaintiff's telephone to ring.

84.   These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

85.   Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt thereby invading and intruding upon Plaintiff's right to privacy, solitude and seclusion.

86.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

87.   Plaintiff has been harmed by Defendants' invasion of privacy and has been damaged as a result of the invasion of privacy by Defendants, including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation, stress, lack of concentration at work, anxiety and embarrassment by such invasions of his privacy by these Defendants.

88.   As a result of such invasions of privacy, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial from each and every Defendant.

/ / /

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

c. Declare that Defendants' answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e) and 1788.17;

d. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c);

e. Award Plaintiff his actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

h. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

i. Award Plaintiff his actual damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

j. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

k. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    RAYMOND BAUTISTA CRUZ

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RAYMOND BAUTISTA CRUZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.